UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARK EDWARD BROWN

    Petitioner,

v.                                           Case No.  5:13-cv-237-Oc-23PRL

WARDEN, FCC COLEMAN-USP I,

    Respondent.
_____/

## **O R D E R**

A prisoner at Coleman Federal Correctional Complex, Brown petitions (Doc. 1) under 28 U.S.C. § 2241 for a writ of habeas corpus through the savings clause of Section 2255(e).  He challenges the validity of his conviction (a) for attempting to delay interstate commerce by attempting by force and violence to rob a business engaged in interstate commerce and (b) for brandishing a firearm during and in relation to a crime of violence, for which he serves three hundred eighty-four months.[*]  The Section 2241 petition is barred.

Brown was sentenced on April 8, 2009.  Brown appealed, and the court of appeals affirmed.  (Case No. 06-cr-153, Doc. 105).  On March 22, 2010, the Supreme

---

[*] *United States v. Brown,* Case No. 5:06-cr-153, Western District of Oklahoma.

Court denied Brown's petition for a writ of certiorari. (Case No. 06-cr-153, Doc. 111). The one-year limitation under 28 U.S.C. § 2255 expired on March 22, 2011. Three days later, Brown moved to extend the time within which to move under Section 2255, which was denied. (Case No. 06-cr-153, Doc. 112). Brown appealed from the denial of the motion for an extension of time. The court of appeals denied a certificate of appealability and dismissed the appeal. (Case No. 06-cr-153, Doc. 119). Barred from review under Section 2255, Brown attempts review under Section 2241.

Section 2255(f) states that, "A 1-year period of limitation shall apply to a motion under this section." Brown attempts to circumvent Section 2255's one-year limitation by challenging his conviction under Section 2241.

Section 2255(e) states that an application "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." However, a remedy under Section 2255 is not inadequate or ineffective merely because relief is barred by the applicable one-year limitation or because a motion under Section 2255 is successive. *See Wofford v. Scott*, 177 F.3d 1236, 1244-45 (11th Cir. 1999).

In this instance, Brown presents argument that should have been raised at sentencing, on direct appeal, and in a motion under Section 2255. To the extent that Brown argues entitlement to relief under Section 2255's "savings clause," the argument is unavailing. Brown fails to show how the remedy available in Section 2255 is inadequate, a showing required to meet the "savings clause" in Section 2255(e). Further, *Wofford v. Scott*, 117 F. 3d 1236, 1244 (11th Cir. 1999), states:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal or first § 2255 motion.

Brown identifies no retroactively applicable Supreme Court decision that triggers relief under Section 2255's "savings clause."

Further, Brown's section 2241 motion is not the appropriate remedy because he challenges the validity of his sentence and not the execution of his sentence. "A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence." *Antonelli v. Warden, U.S.P., Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008).

The petition is **DISMISSED WITH PREJUDICE**. The Clerk is directed to enter judgment dismissing the petition, to terminate any pending motion, and to close the case.

ORDERED in Tampa, Florida, on November 27, 2013.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE